1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                                EASTERN DISTRICT OF CALIFORNIA

9

10   JERRY HARBOTTLE,                        )   1:11-cv-01387 MJS HC
                                             )
11                      Petitioner,          )   ORDER SUMMARILY DISMISSING
                                             )   PETITION FOR WRIT OF HABEAS
12        v.                                 )   CORPUS
                                             )
13                                           )   ORDER DIRECTING CLERK OF COURT
     JAMES A. YATES, Warden,                 )   TO ENTER JUDGMENT AND CLOSE
14                                           )   CASE
                        Respondent.          )
15   _____)   ORDER DECLINING ISSUANCE OF
                                             )   CERTIFICATE OF APPEALABILITY
16

17        _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to

19   the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

20   **I.     DISCUSSION**

21        **A.     Procedural Grounds for Summary Dismissal**

22        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23             If it plainly appears from the petition and any attached exhibits that
               the petitioner is not entitled to relief in the district court, the judge
24             must dismiss the petition and direct the clerk to notify the
               petitioner.
25
          The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition
26
     for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's
27
     motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260
28

1  F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably

2  incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th

3  Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend

4  unless it appears that no tenable claim for relief can be pleaded were such leave granted.

5  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

6      **B.      Factual Summary**

7          On August 22, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Pet.,

8  ECF No. 1.) Petitioner was granted parole by the California Board of Parole Hearings ("Board")

9  on October 14, 2009. However, on March 12, 2010, the Governor of the State of California

10 reversed the decision of the Board to grant parole. Petitioner challenges the decision of the

11 Governor in reversing the Board's decision. Petitioner claims the California courts, in affirming

12 the decision of the Governor, unreasonably determined that there was some evidence he

13 posed a current risk of danger to the public if released. Further, Petitioner claims that his due

14 process was violated by the implementation of a no parole policy.

15     **C.      Federal Review of State Parole Decisions**

16         Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

17 and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.

18 <u>Lindh v. Murphy</u>, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); <u>Furman v.</u>

19 <u>Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

20         A district court may entertain a petition for a writ of habeas corpus by a person in

21 custody pursuant to the judgment of a state court only on the ground that the custody is in

22 violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a),

23 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389

24 (2000); <u>Wilson v. Corcoran</u>, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

25         The Supreme Court has characterized as reasonable the decision of the Court of

26 Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected

27 by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures

28 with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d

1  732 (2011).

2      However, the procedures required for a parole determination are the minimal

3  requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

4  U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In

5  Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because

6  there was an absence of "some evidence" to support the decision to deny parole. The Court

7  stated:

8          There is no right under the Federal Constitution to be conditionally released
           before the expiration of a valid sentence, and the States are under no duty to
9          offer parole to their prisoners. (Citation omitted.) When, however, a State
           creates a liberty interest, the Due Process Clause requires fair procedures for
10         its vindication-and federal courts will review the application of those
           constitutionally required procedures. In the context of parole, we have held that
11         the procedures required are minimal. In Greenholtz, we found that a prisoner
           subject to a parole statute similar to California's received adequate process
12         when he was allowed an opportunity to be heard and was provided a statement
           of the reasons why parole was denied. (Citation omitted.)
13
14  Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

15  process that was due as follows:

16         They were allowed to speak at their parole hearings and to contest the evidence
           against them, were afforded access to their records in advance, and were
17         notified as to the reasons why parole was denied....

18         That should have been the beginning and the end of the federal habeas courts'
           inquiry into whether [the petitioners] received due process.

19  Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some

20  evidence" rule is not a substantive federal requirement, and correct application of California's

21  "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

22  This is true even though Petitioner is challenging the Governor's reversals, and not a decision

23  by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir.

24

25         [1]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning
26  granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and
    to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state
27  the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process
    was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity
28  to insure that the records being considered were his records, and to present any special considerations
    demonstrating why he was an appropriate candidate for parole. Id. at 15.

U.S. District Court
E. D. California                           -3-

2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Governor improperly relied on evidence relating to Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by <u>Swarthout</u>. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

Although Petitioner asserts that his right to due process of law was violated by the Governor's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in <u>Greenholtz</u>, 442 U.S. 1.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis</u>, 440 F.2d at 14. Here the Court concludes that it would be futile to grant Petitioner leave to amend and recommends that the claim be dismissed.

### D.    No Parole Policy

Petitioner also claims that he was denied parole as a result of the Governor's application of a "no-parole policy." (Pet. at 5.)

The Ninth Circuit Court of Appeals has acknowledged that California inmates have a due process right to parole consideration by neutral decision-makers. <u>See</u> <u>O'Bremski v. Maass</u>, 915 F.2d 418, 422 (9th Cir. 1990) (an inmate is "entitled to have his release date considered by a Board that [is] free from bias or prejudice"). Accordingly, parole board officials owe a duty to potential parolees "to render impartial decisions in cases and controversies that

1  excite strong feelings because the litigant's liberty is at stake." Id. (quoting Sellars v. Procunier,

2  641 F.2d 1295, 1303 (9th Cir. 1981)). Indeed, "a fair trial in a fair tribunal is a basic

3  requirement of due process." In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942

4  (1955). However, the mere fact that the Board denies relief in a given case or has denied relief

5  in the vast majority of cases does not demonstrate bias. This is because unfavorable judicial

6  rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme

7  favoritism or antagonism that the exercise of fair judgment is precluded. Liteky v. United

8  States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

9      Petitioner is therefore correct that he was entitled to have his release date considered

10 by a Board that was free of bias or prejudice. However, Petitioner has failed to substantiate

11 his allegations with credible proof that at the time of the 2009 suitability hearing the Board

12 operated under a no-parole policy or was otherwise biased at the time of his hearing. In this

13 case, the Board granted Petitioner parole. That action is inherently inconsistent with a no

14 parole policy.

15     In support of his argument, Petitioner submitted the declaration of Albert M. Leddy

16 dated March 1999. (Pet. at 64-68.) In the declaration, Leddy, who had been a district attorney,

17 detailed his nine years service as parole board chairman and commissioner between 1983 and

18 1992. He described what he perceived as a growing reluctance of board panels to grant parole

19 between 1983 and 1990 because of increasing political pressure, new board appointees who

20 disfavored paroling life prisoners, use of Pen. Code § 3041.2 to overturn decisions granting

21 parole, and application of a state regulation to rescind previous grants of parole. Leddy had

22 no actual knowledge of how Governor Wilson allegedly made his "no-parole" policy known,

23 but Leddy observed Governor Wilson's selective appointment of commissioners who were

24 crime victims, former law enforcement personnel, or Republican legislators who had been

25 defeated in elections and needed a job. (Id.) Leddy stated that Governor Wilson's

26 appointments of unqualified persons violated Cal. Pen. Code § 5075, which required

27 appointment of persons who reflected as nearly as possible a cross-section of the racial,

28 sexual, economic, and geographical features of the population of the state. (Id. at 65.) Leddy

1    alleged that parole commissioners were told to stop giving parole dates, and that he

2    encountered resistance when he attempted to discuss the Board's non-compliance with state

3    law. (Id.) Leddy concluded that the result had been the removal of any reasonable possibility

4    of parole for practically all of California's prisoners serving terms of life with the possibility of

5    parole and violation of state statutes which required that parole dates be set. (Id.)

6        The declaration of Leddy was dated twelve years ago and generally relates to facts and

7    circumstances that existed only until 1992. The matters set forth in the declaration are so

8    distant in time from Petitioner's parole hearing in 2009 that they are not enlightening as to

9    conditions in 2009.  They do not support a conclusion that political pressure to deny parole

10   and a so-called "no parole" policy existed in 2009.  It has been accepted that under Governors

11   Wilson and Davis, California had a policy of finding all murderers unsuitable for parole. See

12   Martin v. Marshall, 431 F.Supp.2d 1038, 1048 (N.D.Cal. 2006). However, Governor Davis is

13   no longer the governor, and evidence of this historical practice has been considered

14   insufficient to show the continuing existence of such a  policy. See Rosales v. California Bd.

15   of Parole Hearings, 2011 U.S. Dist. LEXIS 32359, 2011 WL 1134713, *5 (E.D.Cal., March 28,

16   2011).

17       The transcript reflects that in the course of the hearing, the commissioners considered

18   numerous suitability factors, examined Petitioner, and heard and considered not only a

19   prosecutor's statement, but also the statements of Petitioner and his counsel. The record

20   demonstrates that the Board, in granting parole, stated reasons that were grounded in the

21   facts and circumstances of Petitioner's commitment offense and personal history. The

22   Governor's decision, reversing the Board's decision, was also based on the same individual

23   facts and circumstances relating to Petitioner. No favoritism or antagonism is shown in the

24   instant case. The record of the parole hearing and the Governor's reversal do not present any

25   basis for a finding of bias.

26       The Court concludes that Petitioner's allegations and the documentation attached to

27   the petition do not reflect specific facts that demonstrate bias. Petitioner has not stated or

28   documented facts that would entitle him to relief in this proceeding.

1    Having reviewed the full record of the parole proceedings, Petitioner does not allege

2  a tenable due process claim based on alleged bias of the Board or the Governor. Accordingly,

3  Petitioner is not entitled to relief on this claim, and his Petition shall be dismissed without leave

4  to amend.

5        **D.        Certificate of Appealability**

6        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal

7  a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

8  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

9  whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

10        (a) In a habeas corpus proceeding or a proceeding under section 2255 before
          a district judge, the final order shall be subject to review, on appeal, by the court
11        of appeals for the circuit in which the proceeding is held.

12        (b) There shall be no right of appeal from a final order in a proceeding to test the
          validity of a warrant to remove to another district or place for commitment or trial
13        a person charged with a criminal offense against the United States, or to test the
          validity of such person's detention pending removal proceedings.

14
          (a)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
15                appeal may not be taken to the court of appeals from–

16                      (A) the final order in a habeas corpus proceeding in
                        which the detention complained of arises out of
17                      process issued by a State court; or

18                      (B) the final order in a proceeding under section
                        2255.
19
                  (2) A certificate of appealability may issue under paragraph (1)
20                only if the applicant has made a substantial showing of the denial
                  of a constitutional right.
21
                  (3) The certificate of appealability under paragraph (1) shall
22                indicate which specific issue or issues satisfy the showing required
                  by paragraph (2).
23
24        If a court denies a petitioner's petition, the court may only issue a certificate of

25  appealability "if jurists of reason could disagree with the district court's resolution of his

26  constitutional claims or that jurists could conclude the issues presented are adequate to

27  deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529

28  U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he

1   must demonstrate "something more than the absence of frivolity or the existence of mere good

2   faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

3        In the present case, the Court finds that no reasonable jurist would find the Court's

4   determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable,

5   nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.

6   Petitioner has not made the required substantial showing of the denial of a constitutional right.

7   Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

8                                    **<u>ORDER</u>**

9        Accordingly, IT IS HEREBY ORDERED:

10       1) The petition for writ of habeas corpus is DISMISSED with prejudice;

11       2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

12       3) The Court DECLINES to issue a certificate of appealability.

13

14

15  IT IS SO ORDERED.

16  Dated:      October 11, 2011                  /s/ *Michael J. Seng*
17                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28